PEOPLE v GRAVITT

Docket No. 58967. Submitted January 5, 1982, at Grand Rapids.—
Decided February 18, 1982.

    Darwin Gravitt was charged with assaulting a prison employee
and with being an habitual offender. Defendant moved to
permit his court-appointed counsel to withdraw so that defen-
dant might proceed as his own counsel at trial. While in the
affidavit accompanying the motion defendant indicated that he
unequivocally wished to represent himself at trial, he also
indicated that he desired that his appointed counsel act in an
advisory capacity at trial should defendant desire answers to
legal matters. Jackson Circuit Court, James G. Fleming, J.,
denied the motion, holding that the request was not unequivo-
cal and that defendant would use the opportunity for self-
representation to express his views on the prison system.
Defendant appeals by leave granted. *Held:*

    1. While defendant indicated an unequivocal desire to repre-
sent himself, he coupled that indication with an indication that
he desired advisory counsel. The appointment of advisory coun-
sel is a matter addressed to the discretion of the trial judge.
Defendant, on remand, should be permitted to proceed as his
own counsel if he indicates that he wishes to proceed in his
own behalf even if it means foregoing the presence of advisory
counsel.

    2. Since the trial court may terminate the self-representation
of a defendant who engages in serious and obstructionist mis-
conduct, the trial court should not have refused to permit the
defendant the right of self-representation on the basis of an
anticipation that the defendant would use his self-representa-
tion as a means to expound his personal views of the prison
system and thereby disrupt the proceedings.

    Remanded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21A Am Jur 2d, Criminal Law §§ 732, 764 *et seq.,* 967, 993 *et
    seq.*
    Right of defendant in criminal case to conduct defense in person, or
    to participate with counsel. 77 ALR2d 1233.
[3] 21A Am Jur 2d, Criminal Law § 997.
[4] 21A Am Jur 2d, Criminal § 994.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — ADVISORY COUNSEL.

A request by a criminal defendant to represent himself at trial is not unequivocal where, although expressing a desire to represent himself, the defendant also expresses a desire to have court-appointed counsel standing by in an advisory capacity.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — COURT-APPOINTED COUNSEL — CONSTITUTIONAL LAW.

A criminal defendant has a constitutional right to represent himself; however, the defendant must choose between his right to court-appointed counsel and his right to conduct his own defense (US Const, Am VI).

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — ADVISORY COUNSEL — COURT-APPOINTED COUNSEL.

The appointment of advisory counsel to assist a criminal defendant who desires to represent himself is addressed to the trial court's discretion.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — TRIAL.

The right of a criminal defendant to represent himself should not be denied on the basis that the trial court believes that the defendant will use his self-representation to disrupt the trial proceedings, since the trial court can terminate such self-representation if such misconduct, in fact, occurs at trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Parker, Adams & Mazur, P.C.* (by *Robert Matyjaszek),* for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and MacKENZIE, JJ.

R. B. BURNS, P.J. This case comes to us by leave granted. The sole issue is whether the trial court erred by refusing to grant defendant's motion to appear *in pro per.*

Defendant was charged with assaulting a prison employee, MCL 750.197(c); MSA 28.394(3), and as

being a third-time habitual offender, MCL 769.11; MSA 28.1083.

Defendant filed a motion to proceed *in pro per* and a motion to permit his attorney to withdraw. In support of the motion he filed an affidavit:

"4. That the defendant does not accept Robert Matyjaszek as his attorney, does not want to be represented by him and merely wants Mr. Matyjaszek to act in an advisory capacity should the defendant desire to ask Mr. Matyjaszek any questions concerning any legal matters that might arise during the course of the trial.

"5. That the defendant unequivocally states that he wishes to represent himself at his trial.

"6. That he knowingly, intelligently and voluntarily waives his right to be represented by an attorney.

"7. That he has been informed of the dangers and disadvantages of self-representation, understands them and still chooses to represent himself.

"8. That he is literate, competent, understands the choice that confronts him and exercises his own free will in declining to be represented."

The trial judge denied the motion, holding that the request was not unequivocal and that the defendant would use such an opportunity to express his views on the prison system.

Defendant's request was unequivocal to the extent that he definitely stated that he desired to represent himself and that he knew the consequences. However, he also wants counsel standing by in an advisory capacity. He cannot have it both ways.

The right of a criminal defendant to represent himself is guaranteed by the United States Constitution. US Const, Am VI, *Faretta v California,* 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). However, "a defendant must choose between his right to court-appointed counsel and his right to

conduct his own defense". *People v Ramsey,* 89 Mich App 260, 264; 280 NW2d 840 (1979).

The decision as to whether or not to appoint advisory counsel is within the trial court's discretion. On remand, if the defendant indicates that he wishes to represent himself, even if it means foregoing the presence of advisory counsel, he should be allowed to proceed. He still should be permitted to request advisory counsel. As previously stated, the appointment of advisory counsel is within the discretion of the trial judge.

As to the court's anticipation that the defendant would use such an opportunity to expound his personal views of the prison system and disrupt the proceedings, we quote from *Faretta, supra,* 834, fn 46:

"We are told that many criminal defendants representing themselves may use the courtroom for deliberate disruption of their trials. But the right of self-representation has been recognized from our beginnings by federal law and by most of the States, and no such result has thereby occurred. *Moreover, the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."* (Emphasis supplied.)

Remanded for proceedings consistent with this opinion.